Van Horne v Ben-Dov (2023 NY Slip Op 05212)

Van Horne v Ben-Dov

2023 NY Slip Op 05212

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 652444/20 Appeal No. 759-760 Case No. 2021-02156 2023-00252 

[*1]John L. Van Horne III, et al., Plaintiffs-Respondents,
v
Zohar Ben-Dov, et al., Defendants-Appellants, 74-84 Third Avenue Corp., Nominal Defendant-Appellant. 

Goldberg Weprin Finkel Goldstein LLP, New York (Matthew E. Hearle of counsel), for appellants.
Farrell Fritz, P.C., New York (Peter J. Sluka of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered July 29, 2021, granting plaintiffs summary judgment on their claim for a permanent injunction of a merger proposed by defendants and dismissing defendants' counterclaims, and bringing up for review, an order, same court and Justice, entered June 9, 2021, which granted plaintiffs' motion for summary judgment seeking a permanent injunction enjoining defendants' from pursuing the merger, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The record supports the court's grant of a permanent injunction barring defendants from planning and executing a "freeze-out" merger designed to extinguish plaintiffs' shares in the corporation based on its finding that defendants failed to raise a triable issue as to whether they had a bona fide corporate purpose for the merger.
While the usual remedy of a shareholder dissenting from a merger and the offered "cash-out" price is to obtain the fair value of his or her stock through an appraisal proceeding (Business Corporation Law § 623[h]), there is an exception when the merger is unlawful or fraudulent as to that shareholder, in which event an action for equitable relief is authorized (Business Corporation Law § 623[k]; Alpert v 28 Williams St. Corp., 63 NY2d 557, 568-569 [1984]; Johnson v Asberry, 190 AD3d 491, 492 [1st Dept 2021]).
Where, as here, a court is asked to review a "freeze-out" merger (or proposed merger), "the essence of the judicial inquiry is to determine whether the transaction, viewed as a whole, was 'fair' as to all concerned, and while the plaintiff "has the burden of proving that the merger violated the duty of fairness," when, as in a freeze-out, "there is an inherent conflict of interest, the burden shifts to the interested directors or shareholders to prove good faith and the entire fairness of the merger" (Alpert, 63 NY2d at 569-570). In addition, while a merger is justified "where a bona fide business purpose indicates that the best interests of the corporation would be served by [it]," "in entertaining an equitable action to review a freeze-out merger, a court should," among other things, consider "whether there exists any independent corporate purpose for the merger" (id. at 572-573).
Here, defendant "interested parties" did not attempt to establish this element of fair dealing by introducing evidence of any efforts taken in this respect in connection with the proposal of the merger, such as the appointment of an independent negotiating committee or disclosures made to shareholders (see Alpert, 63 NY2d at 570-571). Moreover, the court correctly found that the only evidence provided by defendants to establish that they proposed a merger that was intended to serve an independent corporate purpose were self-serving affidavits of defendant Ben-Dov containing pretextual and post-hoc explanations. In these circumstances, [*2]the court correctly granted summary judgment to plaintiffs on their request for a permanent injunction of the proposed merger and correctly dismissed defendants' counterclaims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023